# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-929V
Filed: April 17, 2018

* * * * * * * * * * * * * *
| | |
|---|---|
| MICHAEL C PUCKETT, SR. *on behalf of the estate of* AMANDA NICHOLE PUCKETT | UNPUBLISHED |
| Petitioner, | Decision on Attorneys' Fees and Costs; Interim Fees |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * *

*Mark Sadaka, Esq.,* Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Lara Englund, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 25, 2015, Michael C. Puckett, Sr. ("Mr. Puckett," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of his daughter, Amanda Nichole Puckett. Petitioner alleges that Amanda received a human papillomavirus ("HPV") vaccination on August 22, 2013 which caused her cardiac arrest and subsequent death on August 25, 2013. *See* Petition ("Pet."), ECF No. 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 29, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Fees, ECF No. 66. Petitioner requests attorneys' fees in the amount of $23,332.94, and attorneys' costs in the amount of $31,947.46, for a total amount of $55,280.39. Motion for Fees, Ex. A at 18, ECF No. 66-1.

On April 10, 2018, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 67. Respondent "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award." *Id*. at 2. Furthermore, respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. Petitioner filed a reply on April 13, 2018, reiterating his request for interim fees and costs. ECF No. 68. This matter is now ripe for decision.

This matter is scheduled for entitlement hearing on August 23 and 24, 2018.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

**A.     Interim Fees**

Interim fees may be paid at the discretion of the special master. *See Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") Additionally, "where the claimant establishes that the cost of litigation has imposed an undue

hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d, 1372 1375 (Fed. Cir. 2010).

This case has been pending for nearly three years. Petitioner has retained two experts to opine on his behalf and has incurred substantial expert fees as a result. While an entitlement hearing is currently scheduled for August of 2018, a decision will not be issued immediately. Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

**B.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

The requested hourly forum rates are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and his staff.  *See e.g.*, *Rodriguez v. Sec'y of Health & Human Servs.*, No. 13-253V, 2017 WL 4509275, at *1 (Fed. Cl. Spec. Mstr. Sept. 15, 2017); *Ladue v. Sec'y of Health & Human Servs*. No. 12-553V, 2017 WL 2328169, at *5 (Fed. Cl. Spec. Mstr. May 25, 2017). Therefore, the undersigned finds the requested rates to be reasonable.

**C.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V,

2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the number of hours expended in this case appear to be reasonable. Accordingly, $23,332.94 is awarded in attorneys' fees.

D.   **Reasonable Costs**

Petitioner requested a total of $31,947.46 in attorneys' costs. *See* Motion for Fees, Ex. A, ECF No. 66-1. The requested costs consist of $14,000 in expert fees for Dr. Shoenfeld and $17,500 in expert fees for Dr. Eldar. *Id*. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $55,280.39**, representing reimbursement for attorneys' fees in the amount of $23,332.94 and costs in the amount of $31,947.46, in the form of a check made payable jointly to petitioner and petitioner's counsel, Mark Sadaka, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.