# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-929V
Filed: December 11, 2018

* * * * * * * * * * * * *
MICHAEL C PUCKETT, SR. *on behalf*
*of the estate of* AMANDA NICHOLE
PUCKETT,

   Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

   Respondent.
* * * * * * * * * * * * *

UNPUBLISHED

Decision on Joint Stipulation;
Cardiac Arrest; Death;
Human Papillomavirus ("HPV")
Vaccine

*Mark Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Lara Englund, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

  On August 25, 2015, Michael C. Puckett, Sr. ["Mr. Puckett or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of his daughter, Amanda Nichole Puckett. Petitioner alleges the human papillomavirus ("HPV") vaccinations Amanda received on June 22, 2013, and August 22, 2013, caused her to develop

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

cardiac arrhythmia, which resulted in her death on August 25, 2013. Stipulation, filed December 10, 2018, at ¶¶ 1-4. Respondent denies that the aforementioned immunizations caused petitioner's alleged cardiac arrhythmia, any other injury, or her death. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On December 10, 2018, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $175,000.00 in the form of a check payable to petitioner, Michael C. Puckett, Sr., as the legal representative of the Estate of Amanda Nichole Puckett.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAEL C. PUCKETT, SR., ) <br> on behalf of the estate of ) <br> AMANDA NICHOLE PUCKETT ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF ) <br> HEALTH AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 15-929V <br> Special Master Mindy Michaels Roth |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Michael C. Puckett, Sr. ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of the estate of his daughter, Amanda Nichole Puckett ("Ms. Puckett"). The petition seeks compensation for Ms. Puckett's death allegedly related to her receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ms. Puckett received the HPV vaccine on or about June 22, 2013, and August 22, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the HPV vaccine caused Ms. Puckett to develop cardiac arrhythmia, which resulted in her death on August 25, 2013.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Ms. Puckett's condition or her death.

6. Respondent denies that the HPV vaccine is the cause of Ms. Puckett's alleged cardiac arrthythmia or any other injury or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$175,000.00** in the form of a check payable to petitioner as the legal representative of the Estate of Amanda Nichole Puckett. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represents that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Amanda Nichole Puckett under the laws of the State of Illlinois.  No payments pursuant to this Stipulation shall be made  until petitioner provides the Secretary with documentation establishing his appointment as legal  representative of the Estate of Amanda Nichole Puckett.  If petitioner is not authorized by a court of  competent jurisdiction to serve as legal representative of the Estate of Amanda Nichole Puckett at the time  a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party  or parties appointed by a court of competent jurisdiction to serve as legal representative of the   Estate of Amanda Nichole Puckett upon submission of written documentation of such appointment to the  Secretary.

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as legal representative of the Estate of Amanda Nichole Puckett, on behalf of himself, the estate of Ms. Puckett, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms.

Puckett resulting from, or alleged to have resulted from, the HPV vaccinations administered on June 22, 2013, and August 22, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about August 25, 2015, in the United States Court of Federal Claims as petition No. 15-929V.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HPV vaccines caused Ms. Puckett's alleged cardiac arrhythmia, or any other injury, or her subsequent death.

17.  All rights and obligations of petitioner in his capacity as the representative of the Estate of Amanda Nichole Puckett shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

4

Respectfully submitted,

PETITIONER:

*[signature]*
MICHAEL C. PUCKETT, SR.

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
MARK T. SADAKA
SADAKA ASSOCIATES LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07631
(201) 266-5670

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
LARA A. ENGLUND
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-3013

Dated: 12/10/18