# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-929V

Filed: September 16, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| MICHAEL C PUCKETT, SR. *on behalf of the estate of* AMANDA NICHOLE PUCKETT, | * * * | UNPUBLISHED |
| | * | |
| Petitioner, | * * | |
| v. | * * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Mark Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Lara Englund, Esq.*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 25, 2015, Michael C. Puckett, Sr. ("Mr. Puckett" or "petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program on behalf of his daughter, Amanda Nichole Puckett.[2] Petitioner alleged that human papillomavirus ("HPV") vaccinations Amanda received on June 22, 2013, and August 22, 2013, caused her to develop cardiac arrhythmia, which resulted in her death on August 25, 2013. Stipulation at ¶¶ 1-4, ECF No. 85. On December 10, 2018, the parties filed a stipulation, which the undersigned adopted as her Decision awarding compensation on December 11, 2018. ECF No. 86.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On March 22, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 91 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $8,982.21 (representing $8,068.52 in attorneys' fees and $913.69 in costs). Fees App. Ex. 1 at 5. Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs totaling $6,861.60 in pursuit of this litigation. Fees App. Ex. 3 at 1. Respondent responded to the motion on March 23, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 92. Petitioner filed a reply on March 25, 2019, reiterating his belief that the requested amount of fees and costs is reasonable. Reply at 1, ECF No. 93.

This matter is now ripe for consideration.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation, she is entitled to a reasonable award of attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

**A.    Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's

2

attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests that his attorney, Mr. Mark Sadaka, be compensated at the following rates: $396 per hour for work performed in 2018, and $405.00 per hour for work performed in 2019. Fees App. at 3. These rates are consistent with what Mr. Sadaka has been awarded for his work in the Vaccine Program. *See, e.g.*, *Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2018). Additionally, his requested rate of $405.00 per hour for work performed in 2019 is reasonable given his experience in the Vaccine Program, overall legal experience, the quality of his work, and his overall reputation in the legal community. *See McCulloch*, 2015 WL 5634323, at *17. Accordingly, the requested rates are reasonable.

## B.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691,

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in
*McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter (23.1) appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of **$8,068.52**.

C.  **Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $913.69 in costs. Fees App. Ex. 1 at 5. This amount is comprised of subpoena service, postage, and cancellation fees for petitioner's expert's flight upon cancellation of the entitlement hearing. Petitioner has provided adequate documentation supporting these costs and they appear reasonable in the undersigned's experience. Petitioner is thus entitled to the full amount of attorneys' costs requested.

D.  **Petitioner's Costs**

Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs totaling $6,861.60 in pursuit of his claim. This amount is comprised of acquiring medical records, airfare costs, and work performed by petitioner's estate attorney. Fees App. Ex. 3 at 1.[4] However, excessive airfare costs warrant a reduction of the requested amount. It is well-settled that the Vaccine Program does not reimburse upgraded travel methods such as first-class airfare, business-class train fare, and Acela express train fare. *See Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. Jun. 20, 2018) (citing *Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). Petitioner's

---

[4] Among this amount is a total of $1,620.82 for airfare plus a ticket change fee for petitioner and his wife. However, in an affidavit filed on September 3, 2019, petitioner requested total compensation for these costs of $1,689.48. ECF No. 94. Thus, it appears that the total requested amount of petitioner's costs is $6,930.26. Per the affidavit, petitioner warrants that he was unable to receive any refund or credit for his unused airfare. *Id.*

4

submitted documentation reflects that first-class airfare was purchased to travel from Chicago, Illinois to Washington, DC. As the price of a comparable coach ticket purchased almost two years ago is too speculative, the undersigned shall award petitioner 50% of the requested cost, resulting in a reduction of $520.41.

Additionally, petitioner has requested $100.00 for "Misc. – Postage for Documents; Parking Fees." This cost is too vague and petitioner has not provided any additional documentation to support any component of it. It too shall not be reimbursed. Accordingly, petitioner is entitled to costs in the amount **$6,309.85**.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that petitioner is entitled to an award of attorneys' fees and costs as follows:

1) **$8,982.21**, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. Mark Sadaka, Esq.; and

2) **$6,309.85**, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).